### Richard Gorman *vs.* Michael X. Carroll.
### Hugh Clinton *vs.* Same.

One who has paid money to a Roman Catholic priest to be expended in building a church, cannot, after the same has been expended in building a church which has been occupied by him and others for public worship, recover it back on the ground that the priest procured the subscription by representations that the proposed church was for the people, and was nothing to him, and subsequently took a deed of the land for the church in his own name, without expressing any trust, there being no evidence that this is an unusual method of holding titles to churches in that denomination, or that the people were associated together under any religious organization; or that he misrepresented the amounts which certain other persons had subscribed for the same purpose; or that, after the destruction of the church by fire, he collected the money upon a policy of insurance which he had taken out thereon in his own name, and rejected an offer of the insurance company to rebuild the church, and rendered no account to the plaintiff of the money received upon the policy.

Two ACTIONS OF CONTRACT for money had and received.

At the trial of the *first* action in the superior court, before *Brigham*, J., the plaintiff introduced evidence tending to show that in April 1859 the defendant, who was a Roman Catholic priest then ministering in Foxborough, solicited the Roman Catholics of that vicinity, and among others the plaintiff, to contribute money to pay the cost of a church in Foxborough, saying to the plaintiff and others, on occasions when he was conducting their public worship, that the church proposed was for the people, and was nothing to him, and that when built it would belong to the people; that, being induced by these statements, the plaintiff paid to him sums amounting in all to sixty dollars; that the church was built and used by the plaintiff and

others for public worship until it was destroyed by fire ; that the plaintiff also paid to the defendant sums amounting in all to thirty dollars, and, before paying these sums, was told by the defendant that all sums received by him for the rent of pews would be applied to the payment of debts incurred in building the church ; and that the defendant purchased the land upon which the church was built with the moneys contributed by the plaintiff and others, taking a deed conveying the same to him in fee, without expressing any trust. There was no evidence of the amount of said debts, or that any of them were unpaid at the time when this action was commenced.

The plaintiff also offered to prove that the defendant obtained a policy of insurance upon the church, and that the church was burned before the commencement of this action, and the insurers offered to rebuild it, but that the defendant did not accept this offer, and received from the insurers a sum less than the amount of the policy, and appropriated the same to his own use, and rendered no account of the disposal thereof to the plaintiff, though requested. This evidence was excluded.

The judge ruled that the plaintiff was not entitled to recover, and the jury returned a verdict accordingly. The plaintiff alleged exceptions.

At the trial of the *second* action in the superior court, before the same judge, the plaintiff introduced and offered testimony similar to that stated above, with the addition that after the plaintiff had made the first payment to the defendant, the latter, to induce the plaintiff to make further and larger contributions, stated that Michael Andrews had contributed fifty dollars, and his family twenty-five dollars, and that Richard Gorman had paid thirty dollars, whereas "neither Richard Gorman, Michael Andrews, nor his family, had then or ever contributed or paid said sums."

The judge ruled that the plaintiff was not entitled to recover, and the jury returned a verdict accordingly. The plaintiff alleged exceptions.

These cases were argued together.

*J. E. Carpenter*, for the plaintiffs, cited *Strong* v. *Bliss*, 6 Met. 395; *Ives* v. *Stirling*, Ib. 310; *Carter* v. *Carter*, 14 Pick. 424; *Watkins* v. *Eames*, 9 Cush. 537; *Hanson* v. *Stetson*, 5 Pick. 506; *Thompson* v. *Page*, 1 Met. 570; *Bliss* v. *Thompson*, 4 Mass. 488; *Dana* v. *Kemble*, 17 Pick. 545; *Mason* v. *Waite*, 17 Mass. 563; *St.* 1855, *c.* 314.

*W. Colburn*, for the defendant, cited Gen. Sts. *c.* 30, § 24; *Christian Society in Plymouth* v. *Macomber*, 5 Met. 155.

CHAPMAN, J. The plaintiffs, having severally subscribed and paid to the defendant certain sums of money to be expended in the erection of a Roman Catholic church in Foxborough, seek to recover it back on the alleged ground that it was obtained by the defendant fraudulently, and also that it has been misappropriated. They admit that the defendant caused such a church to be built, and that it was occupied by the plaintiffs and others as a place of worship until it was destroyed by fire. Their only ground for alleging that the money was misappropriated is, that the church was built on land which the defendant purchased, taking a deed to himself which did not express any trust. But the court cannot know officially that this is not the usual method of holding titles to churches in that denomination; and no evidence was offered on that point. The representations of the defendant, while he was conducting their public worship, that the church when built would belong to the people, were too loose and general to be regarded as a contract or representation that the legal title should be in the subscribers, who were an unincorporated body, and do not appear to have had any organization whatever.

The alleged representations that the money received of the plaintiffs for pew rents would be appropriated to pay the debts incurred in building the church, are not proved to have been false as representations, or broken as promises. It is not proved that the moneys were not thus appropriated.

The receipt of the money on the defendant's policy of insurance does not furnish any ground for the claim of the plaintiffs to recover back the amount of their subscriptions. If he received the money in trust, and does not properly

appropriate it, their remedy as *cestuis que trust* must be in equity.

The plaintiff in the second action alleges that he was induced to increase his subscriptions by representations of the defendant that Gorman and certain other persons had subscribed certain amounts, and that these representations were false and fraudulent. It appears that they were made, and were untrue. But such an untruth as to the mere amount which others had subscribed does not constitute a fraud which will enable the plaintiff to recover back the money paid by him, after it has been appropriated to the object intended. Whether a subscription thus obtained could be enforced might present a different question. The court ruled correctly that the facts attempted to be proved were insufficient to entitle either of the plaintiffs to recover back the money paid by them. *Exceptions overruled.*